IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| T.B. INDIVIDUALLY<br>AND BY AND THROUGH HER GUARDIAN<br>AND ADULT NEXT FRIEND, JOY GREENWELL | PLAINTIFF |
| V. | Civil No.1:10CV545HSO-JMR |
| ELIZABETH WOOD, INDIVIDUALLY, AND<br>ON BEHALF OF HER MINOR SON, DECEDENT<br>E.W., AND THE ESTATE OF E.W., HIS HEIRS<br>AND ASSIGNS, LIBERTY MUTUAL INSURANCE<br>COMPANY AND JOHN DOES 1-10 | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

BEFORE THE COURT is the Motion [23] of Plaintiff T.B., individually, and by and through her guardian and adult next friend, Joy Greenwell, for Reconsideration of the Court's April 21, 2011, Order [21] denying Plaintiff's Motion [9] to Remand this matter to the Circuit Court of George County, Mississippi. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") has filed a Response [23]. After consideration of the Motion, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be denied.

I. BACKGROUND

On April 23, 2010, Plaintiff filed this case in the Circuit Court of George County, Mississippi. Liberty Mutual removed the case to this Court on December 1, 2010. Not. of Removal [1]. On December 23, 2010, Defendants, Elizabeth Wood and

-1-

the Estate of E.W., joined in the removal. Joinder [8]. On December 31, 2010, Plaintiff moved to remand to state court. Mot. to Remand [9]. After conducting a hearing on the Motion on April 21, 2011, the Court denied remand since the "matter in controversy exceed[ed] the sum or value of $75,000, exclusive of interest and costs" and there existed diversity of citizenship pursuant to 28 U.S.C. § 1332. The Court further concluded that Plaintiff waived the procedural defect in the removal found at 28 U.S.C. § 1441(b), specifically the general prohibition against removing cases against resident defendants, by not timely objecting to the presence of Elizabeth Wood and the Estate of E.W., who were both residents of Mississippi. It is this finding which Plaintiff now moves the Court to reconsider.

## II.  DISCUSSION

"The denial of a motion to remand is an interlocutory order . . . ." *Alvarez v. Midland Credit Management, Inc.*, 585 F.3d 890, 893 (5th Cir. 2009). This Court may "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Sivori v. Epps*, No. 2:07cv79, 2008 WL 2509757, at *1 (S.D. Miss. 2008) (citing *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "Considerable discretion" is provided to the Court "in deciding whether to grant a motion for reconsideration." *Id.* (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

The Court analyzes Plaintiff's Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See id.* at n.1 (acknowledging that Rule 59(e) provides guidance to courts analyzing motions to reconsider orders that are not final

judgments).  Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In support of her Motion, Plaintiff argues that the Court erred in concluding that she did not timely object pursuant to § 1441(b) in her Motion to Remand to the presence of forum defendants.  She contends that "one paragraph of the Motion [to Remand], in particular, mirrors the relevant sub-paragraph of 28 U.S.C. § 1441." Mot. at p. 2.  It states:

> [a]t a minimum, T.B. has met the pleading requirements to allege negligence as against Elizabeth Wood and the Estate of E.W.  There is no fraudulent joinder.  *Non-diverse defendants are present.  They have joined in the removal.  Remand is proper.*

*Id*. (emphasis in original) (quoting Mot. to Remand [9] ¶ IX).

Plaintiff's argument, however, is foreclosed by *Denman v. Snapper Division*, 131 F.3d 546 (5th Cir. 1998).  In *Denman*, the United States Court of Appeals for the Fifth Circuit affirmed the district court's denial of remand, stating that:

> [Plaintiff] moved to remand on the ground that the district court lacked jurisdiction because of the presence of a non-diverse defendant. Contrary to [Plaintiff's] assertion, however, there was complete diversity of citizenship between the parties:  [Plaintiff] was a resident of New Hampshire at the time he filed suit; the defendants were residents of Mississippi, Georgia, or Delaware. *See* 28 U.S.C. § 1332.  Hunter should have objected instead that the presence of Andrews, a resident of Mississippi, violated the statutory prohibition on the removal of diversity

> suits if any defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Under the law of this circuit, however, the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal. 28 U.S.C. § 1447(c). . . .
>
> In short, [Plaintiff] failed to make the proper objection to removal. Had [Plaintiff] moved to remand on the ground that removal was improper because Andrews was an in-state defendant, remand would have been required. Because he did not, the district court did not err in denying the motion to remand.

*Denman*, 131 F.3d at 548.

Similarly, Plaintiff's Motion to Remand [9] objected to the presence of "non-diverse" Defendants. Whether defendants to a lawsuit are diverse, or are residents of the forum state, are two separate inquiries which are treated differently for purposes of remand. Lack of diversity is a jurisdictional defect which cannot be waived, *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 560 (5th Cir. 1985), while the presence of an in-state defendant is a procedural defect subject to waiver if not raised within thirty days of removal, *Denman*, 131 F.3d at 548. As stated on the record at the hearing, Plaintiff's objection in her Motion to Remand to Liberty Mutual's assertions in its Notice of Removal that Elizabeth Wood and the Estate of E.W. were "fraudulently joined," was insufficient to preserve an objection based on the in-state defendant rule. *Denman*, 131 F.3d at 548, n.2.

Because Plaintiff did not raise her § 1441(b) objection to the presence of in-state defendants until the April 21, 2011, hearing on her Motion to Remand [9], she waived this procedural defect. Plaintiff has not made a sufficient showing that reconsideration of the Court's April 21, 2011, Order [21] is appropriate, and

Plaintiff's Motion will therefore be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [23] of Plaintiff T.B., individually, and by and through her guardian and adult next friend, Joy Greenwell, for Reconsideration, should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of May, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE